UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GREGORY WHITTLE; and
BETHANY CONE WHITTLE,

Case No.: 6:10-bk-16063-KSJ
Chapter 7

Debtors,

STURGILL CAPITAL
CONSULTANTS, LLC,

Adversary No.: 6:10-ap-00311-KSJ

Plaintiff,

v.

GREGORY WHITTLE,

Defendant
_____/

## MOTION TO DISMISS

Defendant, GREGORY WHITTLE, by and through undersigned counsel moves this court for an Order dismissing the Plaintiff's Adversary Complaint and states and follows:

1. The Plaintiff is STUGILL CAPITAL CONSULTANTS, LLC (hereinafter referred to as "Plaintiff"); the Defendant is GREGORY WHITTLE (hereinafter referred to as "Debtor" or "Defendant").

2. The Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on September 9, 2010.

3. Plaintiff seeks to exclude from the Debtor's discharge a certain debt owed the Plaintiff as memorialized in the promissory note attached as Exhibit "B" to the Plaintiff's complaint.

4. "Federal Rules of Civil Procedure 3, 7, 8, 9, 10, and 15, addressing pleading requirements and effect, apply to adversary proceedings in bankruptcy with minor alterations. *See* 11

1

U.S.C. Rules 7003, 7007, 7008, 7009, 7010 and 7015." In re Marino, 37 F3d 1354, 1356 (9th Cir. 1994).

5. The Plaintiff's Complaint failed to conform with Fed. R. Bankr. P. 7007.1, concerning the disclosure requirement of corporate parties to an adversary proceeding, which states the following:

> (a) Required disclosure.
>
> Any corporation that is a party to an adversary proceeding, other than the debtor or a governmental unit, shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or state that there are no entities to report under this subdivision.
>
> (b) Time for filing.
>
> A party shall file the statement required under Rule 7007.1(a) with its first appearance, pleading, motion, response, or other request addressed to the court. A party shall file a supplemental statement promptly upn any change in circumstances that this rule requires the party to identify or disclose.

6. The Plaintiff's Complaint fails to allege whether the proceeding is core or non-core, as required by Fed. R. Bankr. P. 7008.

7. The Defendant retained counsel and is obligated to pay counsel a reasonable attorney fee. The Defendant claims attorney fees pursuant to 11 U.S.C. Section 523(d).

WHEREFORE, the Defendant requests this Court enter an order dismissing the Plaintiff's Complaint and assess attorney fees, costs, and interest against the Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of this Motion to Dismiss Adversary Proceeding to , Worman & Sheffler, PA, 2707 W. Fairbanks Avenue, Suite 200, Winter Park, Fl 32789 and to the US Trustee's Office, 135 W. Central Blvd, Orlando, FL 32801 on 5th day of January 2011.

/s/ David L. Robold. Esquire
131 Park Lake Street
Orlando, Florida 32803
Telephone: (407) 426-6999
Telecopy: (407) 872-2266
Florida Bar No.: 083542

JOSEPH D. ORT, ESQUIRE
Florida Bar No: 15587
Joseph D. Ort, P.L.
2739 South Maguire Rd. Unit 2C
Ocoee, FL 34761
Phone: (407) 228-9770
Fax: (407) 264-6288