UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GREGORY WHITTLE; and
BETHANY CONE WHITTLE,

Case No.: 6:10-bk-16063-KSJ
Chapter 7

Debtors,

STURGILL CAPITAL
CONSULTANTS, LLC,

Adversary No.: 10-ap-311-KSJ

Plaintiff,

v.

GREGORY WHITTLE,

Defendant
_____/

## ANSWER TO ADVERSARY COMPLAINT

Defendant, GREGORY WHITTLE, by and through undersigned counsel files this answer and affirmative defenses to Plaintiff's Adversary Complaint.

1. Admitted Plaintiff filed a complaint alleging it is entitled to relief under Rule 7001, Rules of the United States Bankruptcy Court and 11 U.S.C. Section 523(a)(2)(A), of the bankruptcy code. Defendant denies Plaintiff is entitled to relief.

2. Admitted.

3. Without knowledge, therefore denied.

4. Admitted.

5. Admitted.

6. Admitted Plaintiff paid the sums listed in the Agreement and received 7% ownership in Safety Gear USA, LLC. All other allegations within paragraph 6 are denied.

1

7. Admitted.

8. Admitted.

9. Denied. Further answering Sturgill and Whittle discussed Sturgill obtaining an ownership interest in SGGUSA, LLC, but the parties never reached an agreement for Sturgill to take ownership in the company. The consideration Whittle agreed to pay to Sturgill for his ownership shares in Safety Gear USA, LLC, was $15,000. Sturgill later blackmailed Whittle and extorted an agreement by Whittle to pay an additional $10,000, so that the total debt was $25,000, as reflected in the promissory note attached as Exhibit B to Plaintiff's complaint.

10. Denied.

11. Denied.

12. Denied as phrased. Further answering, Whittle did not promise stock in the new company. Sturgill knew any ownership offering in SGGUSA, LLC was contingent on the other owners in SGGUSA agreeing to offer Sturgill ownership in the company. An agreement was never reached for Strugill to obtain ownership in SGGUSA.

13. Denied.

14. Denied.

15. Denied. Further answering, Whittle agreed to pay Sturgill $15,000 for his ownership interest in Safety Gear USA.

16. Denied.

17. Admitted.

18. Denied.

19. Denied. Further answering, Scott Sturgill was a paid employee of SGGUSA and he assisted in the transition because he was a paid employee.

20. Admitted the sale occurred in November 2009. The remaining allegations within paragraph 20 are denied.

21. Denied.

22. Denied.

23. Admitted Whittle signed a promissory note in favor of Sturgill in the amount of $25,000, and that a true copy is attached as Exhibit "B" to Plaintiff's complaint. All other allegation within paragraph 23 are denied. Further answering, Whittle agreed to pay to Sturgill $15,000 for his ownership shares in Safety Gear USA, LLC. Sturgill later blackmailed Whittle and extorted an agreement by Whittle to pay an additional $10,000, so that the total debt was $25,000, as reflected in the promissory note attached as Exhibit B to Plaintiff's complaint.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Without knowledge, therefore denied.

29. Whittle admits Sturgill received an additional $1,000. Whittle is without knowledge and therefore denies the remaining allegations within paragraph 29.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## FIRST AFFIRMATIVE DEFENSE

1. On or around January 22, 2010, Whittle agreed to pay Sturgill $15,000 for his interest Safety Gear USA, which was to be paid by Whittle out of a severance package Whittle anticipated receiving from another company. Whittle said he would agree to pay this amount if Sturgill kept confidential business information (customers, contacts, and other proprietary information) confidential. Sturgill agreed and Scott Sturgill stayed on as an employee of one of Whittle's other companies. Whittle never received the anticipated severance.

2. In June 2010, while Scott Sturgill was still an employee of one of Whittle's companies, Sturgill approached one of Whittle's contacts about setting up an import company. The contact then asked Whittle whether it would be a good investment. Whittle gave his honest opinion that it would not be a good investment. This angered Sturgill and compelled Scott Sturgill to leave the employment of Whittle's company.

3. After Scott Sturgill left Whittle's employment, Sturgill began approaching Whittle's customers and trying to get Whittle's customers to switch their business to Whittle's competitors. Concerned about Sturgill's improper use of Whittle's confidential business information, Whittle asked Sturgill to come to his office for a talk. On or about August 1, Whittle and Sturgill had a meeting. During that meeting Sturgill blackmailed Whittle by threatening to disclose confidential business information. Whittle agreed to pay Sturgill

4

$25,000 in exchange for his agreement to not disclose confidential business information and to reframe from soliciting Whittle's customers. This agreement was memorialized into the promissory note attached as Exhibit "B" to the adversary complaint.

4. After the promissory note was signed, Whittle found out Sturgill violated their agreement by approaching one of Whittle's customers and soliciting their business. At that point, Whittle decided to stop paying Sturgill.

5. Whittle is excused from paying the $25,000 because Sturgill violated his agreement to not poach Whittle's customers, or to otherwise keep confidential information confidential.

## SECOND AFFIRMATIVE DEFENSE

1. Whittle incorporates the factual allegations made in the First Affirmative defense.

2. Florida Statute Section 836.05 states "Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."

3. Sturgill, through its principal Scott Sturgill, violated Florida law by blackmailing and extorting from Whittle an agreement to pay funds. Specifically, a couple days before the Promissory Note was signed, Scott Sturgill told Whittle he was planning on disclosing

bank statements of one of Whittle's companies to other people unless he paid Sturgill. Sturgill maliciously threatened to expose Whittle to disgrace and to injure Whittle's reputation by exposing information about Whittle and previous business dealings. Sturgill participated in this conduct with the specific intent to coerce Whittle into signing the promissory note attached as Exhibit "B" to plaintiff's complaint. Sturgill is prohibited from collecting from Whittle due to Sturgill's illegal conduct.

## THIRD AFFIRMATIVE DEFENSE

1. Sturgill and Whittle were owners of a company called PSDA. Gary Stura was also an owner of the company. Sturgill, Whittle and Stura agreed Stura would put in $150,000. The business terminated, and Stura called on Sturgill and Whittle to repay the funds. Sturgill refused to pay his portion of the funds invested. To prevent litigation, Whittle, through one of his companies, assumed Sturgill's portion of the debt. Whittle sought payment of Sturgill's portion of the debt, but Sturgill refuses to pay it. Sturgill is prohibited from collecting on the debt alleged in its complaint because it comes to the court with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

1. Sturgill is prohibited from collecting on the debt because Sturgill charged a criminally usurious interest rate. Fla. Stat. Section 687.03 states it is usurious to charge more than 18% on a loan less than $500,000, and criminally usurious if the rate exceeds 25%. Section 2(c) states a person engaged in the business of selling servicers for other than personal, family or household purposes, or any person who lends money or extends any other form of creditor, who is the holder of a commercial installment contract, is charge a late fee not exceeding 5% of the late installment, and only once such delinquency charge

may be collected on any installment, regardless of the period during which it remains unpaid.

2. Sturgill is in the business of selling services that are not for personal, family, or household services. In addition, Sturgill lent credit on a commercial installment contract. Sturgill's promissory note, attached to the complaint as Exhibit "B" states Whittle must pay a late fee of $50 **per day** that an installment payment is in default. This provision constitutes criminal usury. A debt that is criminally usurious is not enforceable. Accordingly, Sturgill's debt is not enforceable.

## CLAIM FOR ATTORNEYS FEES

Whittle retained counsel and is obligated to pay counsel a reasonable attorney fee. Whittle claims attorneys fees pursuant to the terms of the promissory note and pursuant to and pursuant to 11 U.S.C. Section 523(d).

WHEREFORE, Whittle requests the Court enter judgment in Whittle's favor, against Sturgill, and assess attorneys fees, costs, and interest against Sturgill.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of this Motion to Dismiss Adversary Proceeding to , Worman & Sheffler, PA, 2707 W. Fairbanks Avenue, Suite 200, Winter Park, Fl 32789 and to the US Trustee's Office, 135 W. Central Blvd, Orlando, FL 32801 on 23rd day of February 2011.

/s/ David L. Robold. Esquire
131 Park Lake Street
Orlando, Florida 32803
Telephone: (407) 426-6999
Telecopy: (407) 872-2266
Florida Bar No.: 083542

JOSEPH D. ORT, ESQUIRE
Florida Bar No: 15587
Joseph D. Ort, P.L.

2739 South Maguire Rd. Unit 2C
Ocoee, FL 34761
Phone: (407) 228-9770
Fax:    (407) 264-6288